IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLARENCE M. BROWN, <br> TDCJ #1848847, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal <br> Justice, Correctional <br> Institutions Division, <br><br> Respondent.[1] | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-15-3501 |

## MEMORANDUM OPINION AND ORDER

Clarence M. Brown, an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division, filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1) challenging the validity of his conviction for assault from the 230th Judicial District Court of Harris County, Texas. Pending before the court is the Respondent's Motion for Summary Judgment with Brief in Support ("Respondent's MSJ") (Docket Entry No. 12). Brown has filed Petitioner's Traverse to Response to Order to Show Cause ("Petitioner's Traverse") (Docket Entry No. 15), and the state court records have been

---

[1]Effective May 1, 2016, Lorie Davis has succeeded William Stephens as Director of the Texas Department of Criminal Justice - Correctional Institutions Division. Accordingly, Davis is automatically substituted as the respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

submitted for review. The court concludes that Brown is not entitled to federal habeas relief and will grant Respondent's Motion for Summary Judgment for the reasons explained below.

## I. Procedural History

In Harris County cause number 1355968 Brown was charged by indictment with the felony offense of assault of a person with whom the defendant had a dating relationship with a prior conviction for assault against a family member.[2] The jury found Brown guilty as charged and sentenced him to a term of imprisonment of forty years.[3]

On direct appeal Brown argued that there was insufficient evidence to support his conviction.[4] He also argued that his conviction was "void" because there was no written verdict in the record.[5] The Fourteenth Court of Appeals of Texas rejected Brown's arguments and affirmed his conviction.[6] The Texas Court of Criminal Appeals refused Brown's petition for discretionary review.[7]

---

[2]Indictment, Docket Entry No. 11-21, p. 59.

[3]Judgment of Conviction by Jury, Docket Entry No. 11-21, p. 64.

[4]Appellant's Brief, Docket Entry No. 11-1, p. 8.

[5]Id.

[6]Memorandum Opinion, Brown v. State, No. 14-13-00258-CR, 2014 WL 2039853 (Tex. App. -- Houston [14th Dist.] May 15, 2014, pet. ref'd) ("Memorandum Opinion"), Docket Entry No. 11-10.

[7]Brown v. State, PDR No. 0625-14 (Tex. Crim. App. July 23, 2014).

On June 1, 2015, Brown filed a state application for habeas relief challenging his conviction.[8] In this application Brown claimed that he was entitled to relief because he was denied effective assistance of counsel on appeal. On October 21, 2014, the Texas Court of Criminal Appeals denied relief without a written order based on the findings of the trial court.[9]

On November 20, 2015, Brown filed a petition for s federal writ of habeas corpus pursuant to 28 U.S.C. § 2254. Brown seeks habeas relief for the same reasons presented on direct appeal and state collateral review. Arguing that these claims are without merit, the respondent moves for summary judgment.

## II.  Standard of Review

### A.  Summary Judgment

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2511 (1986). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate the entry of summary judgment "after adequate

---

[8]Application for a Writ of Habeas Corpus, Docket Entry No. 11-21, pp. 5-12.

[9]Action Taken, Docket Entry No. 11-20, p. 1.

time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).

A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (quoting Celotex, 106 S. Ct. at 2553). If the moving party meets this burden, Rule 56(c) requires the nonmovant to show that specific facts exist over which there is a genuine issue for trial. Id. (citing Celotex, 106 S. Ct. at 2553-54). In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000).

B.   **Presumptions Applied in Habeas Cases**

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides "[t]he statutory authority of federal courts to issue habeas corpus relief for persons in state custody." Harrington v. Richter, 131 S. Ct. 770, 783 (2011). When considering a summary judgment motion the court usually resolves any doubts and draws any inferences in favor

of the nonmoving party.  <u>Reeves</u>, 120 S. Ct. at 2110.  However, the amendments to 28 U.S.C. § 2254 contained in the AEDPA change the way in which courts consider summary judgment in habeas cases.

In a habeas proceeding 28 U.S.C. § 2254(e)(1) mandates that findings of fact made by a state court are "presumed to be correct."  This statute overrides the ordinary summary judgment rule.  <u>Smith v. Cockrell</u>, 311 F.3d 661, 668 (5th Cir. 2002) (overruled on other grounds by <u>Tennard v. Dretke</u>, 124 S. Ct. 2562, 2565 (2004)).  Therefore, a court will accept any findings made by the state court as correct unless the habeas petitioner can rebut the presumption of correctness "by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

The provisions of § 2254(d) set forth a "highly deferential standard for evaluating state-court rulings."  <u>Lindh v. Murphy</u>, 117 S. Ct. 2059, 2066 n.7 (1997).  A federal court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court proceeding:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the

state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. <u>Williams v. Taylor</u>, 120 S. Ct. 1495, 1519-20 (2000). A decision is an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." <u>Id.</u> at 1523. In reviewing a state court's determination regarding the merit of a petitioner's habeas claim, a federal court cannot grant relief if "fairminded jurists could disagree on the correctness of the state court's decision." <u>Richter</u>, 131 S. Ct. at 786 (internal quotation marks omitted).

### III. <u>Analysis</u>

As grounds for relief, Brown alleges (1) insufficient evidence to prove his prior conviction, (2) that he was denied the effective assistance of counsel on appeal, and (3) the conviction was void for lack of a written verdict.[10] The Respondent argues that the Petition should be dismissed because "Brown's claims are meritless and cannot satisfy the AEDPA standard of review."[11] In response, Brown reasserts his three grounds for relief without advancing arguments either in support of his claims or in opposition to Respondent's MSJ.[12]

---

[10]Brief in Support of Petitioner's 2254 Federal Writ of Habeas Corpus, Docket Entry No. 2, pp. 2-5.

[11]Respondent's MSJ, Docket Entry No. 12, p. 1.

[12]Petitioner's Traverse, Docket Entry No. 15, pp. 8-11.

A. Insufficient Evidence

Brown alleges that the evidence presented at trial was insufficient to prove that he had a prior felony conviction for an assault against a family member. In reviewing a claim of the sufficiency of evidence to support a criminal conviction, the court must inquire whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. Jackson v. Virginia, 99 S. Ct. 2781 (1979). The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See id. at 2788-2789; West v. Johnson, 92 F.3d 1385, 1393 (5th Cir. 1996). The Jackson inquiry does not focus on whether the trier of fact made the correct guilt or innocence determination, but whether the trier of fact made a rational decision to convict or acquit. Jackson, 99 S. Ct. at 2781. This standard recognizes the duty of the jury to resolve conflict in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. See Jackson, 99 S. Ct. at 2789. This standard of review is applicable to direct or circumstantial evidence. Id. at 2792. See also Pate v. Wainwright, 607 F.2d 669, 670 (5th Cir. 1979) (per curiam).

The court "must refer to the substantive elements of the criminal offense as defined by state law" to assess the sufficiency of the evidence. Weeks v. Scott, 55 F.3d 1059, 1062 (5th Cir.

1995). Texas Penal Code § 22.01, the statute under which Brown was convicted, states that a person is guilty of assault if he:

   (1) Intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;

   (2) Intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or

   (3) Intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

The offense for assault is enhanced to a third-degree felony if the defendant has a prior conviction for assaulting a member of his family or household. Tex. Penal Code Ann. § 22.01(b).

Brown alleges that the State presented sufficient evidence to support his conviction of a misdemeanor assault, but did not present sufficient evidence to prove the prior felony conviction for assault of a family member to enhance his conviction to a third-degree felony.[13] Brown raised this claim on direct appeal from his conviction.[14] The Fourteenth Court of Appeals held that the State presented sufficient evidence to prove beyond a reasonable doubt that Brown had a prior conviction for assault of a family member.[15] At trial the State introduced the judgment of the prior assault of a family member and the sentence from cause number 1108537 and connected Brown to the prior conviction through

---

[13]Petition, Docket Entry No. 1, p. 6.

[14]Appellant's Brief, Docket Entry No. 11-1, p. 8.

[15]Memorandum Opinion, Docket Entry No. 11-10, p. 3.

the testimony of Deputy Roy Glover.[16] Deputy Glover testified that Brown's fingerprints matched fingerprints on the previous judgment, reflecting that he had a prior conviction for assault on a family member.[17] The Fourteenth Court of Appeals held that the fingerprint analysis was sufficient to support the jury's findings that Brown had a prior conviction for assault against a family member, relying on Varnes v. State, 63 S.W.3d 824, 833 (Tex. App. -- Houston [14th Dist.] 2001, no pet.). When a state appellate court has reviewed the issue of sufficiency of evidence, a federal habeas corpus court gives great weight to their determination. Duff-Smith v. Collins, 933 F.2d 1175, 1184 (5th Cir. 1992).

The court's independent review of the record demonstrates that the testimony of Deputy Glover and Brown's own testimony about his prior convictions are sufficient to support the jury's finding that Brown had a prior conviction for assault against a family member.[18] Viewing the evidence under the Jackson standard in the light most favorable to the prosecution, the evidence presented at trial is sufficient to satisfy a reasonable trier of fact that Brown was guilty of the prior felony -- assault of a family member --, which enhanced his conviction. The court concludes that Brown is not

---

[16] Id. at 2-3.

[17] Id.

[18] Reporter's Record, vol. 3, Docket Entry No. 11-13, pp. 91-101.

entitled to habeas relief on his claim that the evidence is insufficient to support his prior conviction.

## B. Ineffective Assistance of Counsel

Brown claims that he received ineffective assistance of counsel on appeal.[19] A claim of ineffective assistance of counsel is governed by the test set out in <u>Strickland v. Washington</u>, 104 S. Ct. 2052, 2064 (1984), which requires the defendant to establish both constitutionally deficient performance and actual prejudice. To establish that appellate counsel's performance was deficient in the context of an appeal, the defendant must show that his attorney was objectively unreasonable in failing to find arguable issues to appeals -- that is, that counsel unreasonably failed to discover non-frivolous issues and raise them. <u>Smith v. Robbins</u>, 120 S. Ct. 746, 764 (2000). If the defendant succeeds in such a showing then he must establish actual prejudice by demonstrating a "reasonable probability" that, but for his counsel's deficient performance, "he would have prevailed on his appeal." <u>Id.</u>

The right to counsel on appeal "does not include the right to bring a frivolous appeal and, concomitantly, does not include the right to counsel for bringing a frivolous appeal." <u>Robbins</u>, 120 S. Ct. at 760. Appellate counsel is not deficient for not raising every non-frivolous issue on appeal. <u>United States v. Reinhart</u>,

---

[19]Petition, Docket Entry No. 1, p. 6.

357 F.3d 521, 524 (5th Cir. 2004) (citing United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999)). Counsel's failure to raise an issue on appeal will be considered deficient performance only when that decision "[falls] below an objective standard of reasonableness." Id. This standard requires counsel "to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." Id. "Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." Id. at 463.

Brown does not satisfy either element of the Strickland standard. In response to Brown's state habeas application the state court held that there were no unresolved facts material to the legality of Brown's confinement and recommended that the relief requested be denied pertaining to his claim of ineffective counsel on appeal based on the following findings of fact and conclusions of law:

> 4. The applicant fails to provide any particular point of error that appellate counsel failed to raise, and that there is a reasonable probability that, but for counsel's failure to raise a particular issue, he would have prevailed on appeal.
>
> 5. The applicant fails to prove that the representation he received was insufficient to protect his right to reasonably effective assistance of counsel.
>
> 6. The applicant fails to establish that there was a reasonable probability that, but for appellate counsel's purported deficient conduct, he would have prevailed on direct appeal.

>  7.  The totality of the representation afforded the applicant by appellate counsel, Jerald K. Graber was sufficient to protect his right to reasonably effective assistance of counsel in the primary case.[20]

The Texas Court of Criminal Appeals denied relief without a written order based on these findings.[21]

Brown's counsel did not fall below an objective standard of reasonableness. Brown claims that his appellate attorney failed to investigate the facts of the case and the trial court record, and failed to challenge the legal and factual sufficiency of the evidence.[22] Brown argues that both points of error raised by his appellate counsel were frivolous because counsel did not assert specific grounds for reversal and failed to present legitimate issues for appellate review on direct appeal.[23] However, Brown's counsel reviewed the entire appellate record and the applicable law and presented two points of error on appeal.[24]

Appellate counsel does not have to raise every claim on appeal; rather, appellate counsel should examine the record to select the most promising issues for review. <u>Jones v. Barnes</u>, 103

---

[20]State's Proposed Findings of Fact, Conclusions of Law and Order, ¶¶ 4-7, Docket Entry No. 11-21, p. 47.

[21]Action Taken, Docket Entry No. 11-20, p. 1.

[22]Petition, Docket Entry No. 1, p. 6.

[23]Brief in Support of Petitioner's 2254 Federal Writ of Habeas Corpus, Docket Entry No. 2, p. 6.

[24]Appellant's Brief, Docket Entry No. 11-1, p. 7.

S. Ct. 3308, 3313 (1983). Here, Brown's counsel focused on two key issues, insufficiency of the evidence and the lack of a written verdict within the appellate record.[25] Brown has not shown that there were any non-frivolous issues that were clearly stronger than those presented. See Robbins, 120 S. Ct. at 765 (quoting Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1985) ("only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome")). Mere conclusory allegations in support of a claim of ineffective counsel are insufficient to raise a constitutional issue. See Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983) (per curiam). Therefore, he has failed to show that counsel's performance was deficient.

Likewise, Brown also fails to demonstrate the requisite prejudice. Brown does not otherwise show that the state habeas corpus court's decision was unreasonable. Therefore, Brown is not entitled to relief on this claim.

## C. Judgment of Conviction Void for Lack of Written Verdict

Brown alleges that the judgment of conviction is void because the Clerk's Record filed in this case did not contain the written verdict by the jury documenting Brown's guilt and his sentence of forty years. The Fourteenth Court of Appeals held that this claim was without merit because a Supplemental Clerk's Record was filed, which contained a written verdict of guilt and sentence of forty

---

[25] Id. at 10-13.

years, both signed by the foreperson of the jury.[26] Because the record supports this determination,[27] Brown's claim is meritless.

Because Brown has failed to establish a valid claim for relief, the court will grant Respondent's Motion for Summary Judgment and dismiss this case.

### IV. Certificate of Appealability

The Petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, which requires a certificate of appealability to issue before an appeal may proceed. See Hallmark v. Johnson, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable

---

[26]Memorandum Opinion, Docket Entry No. 11-10, p. 4.

[27]Supplemental Clerk's Record, Verdict, Docket Entry No. 11-17, p. 11; and verdict (Choose One), Docket Entry No. 11-17, p. 17.

or wrong." Tennard, 124 S. Ct. at 2565 (quoting Slack, 120 S. Ct. at 1604). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 123 S. Ct. at 1039. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

### V. Conclusion and Order

For the reasons explained above, the court **ORDERS** the following:

1. Respondent's Motion for Summary Judgment (Docket Entry No. 12) is **GRANTED**.

2. Clarence Brown's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DENIED,** and this action will be dismissed with prejudice.

3. A certificate of appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this the 15th day of June, 2016.

                                                SIM LAKE
                                                UNITED STATES DISTRICT JUDGE